

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,537-02

### EX PARTE MATTHEW WILLIAM LEAVELL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W9155-2 IN THE 355TH DISTRICT COURT FROM HOOD COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to eighteen years' imprisonment. The Second Court of Appeals affirmed his conviction. *Leavell v. State*, No. 02-04-00124-CR (Tex. App.— Fort Worth 2005)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to investigate the discrepancies in the State's evidence, failed to conduct a pre-trial investigation, and failed to challenge the inconsistent witness statements.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings as to whether Applicant's claims are barred by the equitable doctrine of laches.[1] The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

---

[1] Before making this determination, the trial court shall give Applicant the opportunity to respond and explain his delay. *See Ex parte Smith*, 444 S.W.3d 661, 670 (Tex. Crim. App. 2014) ("An applicant must be afforded this opportunity—irrespective of whether the State alleges the delay disadvantages its own position—before a court recommends or concludes that laches compels the application's denial").

be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 24, 2018
Do not publish